BAKER v. THE FIRST NATIONAL BANK OF DAVENPORT
*et al.*

1. **Judgment: MECHANIC'S LIEN: PRIORITY: PARTIES.** In 1879, B. purchased the land in question and contracted with F. for the erection of a building thereon, which was completed about May, 1880. On the seventh of May, 1880, the defendant bank filed in that county a transcript of a judgment against B., which became a lien on the land, and at once began an action against B. and Mrs. B., plaintiff herein, to subject the land to the satisfaction of the judgment; and there was a decree that it be so subjected, and execution issued thereon, and the premises were to be sold February 24, 1883; but on that day the defendant R., who was the attorney for B. and wife in the action, took an assignment of the judgment, and the execution was returned unsatisfied. Afterwards in 1886, R. caused execution to issue on the judgment, and himself bought the property thereunder, and obtained a deed therefor. In the meantime, August 21, 1880, F. duly filed his statement for a mechanic's lien against B. for materials and work on the building, and July 29, 1881, assigned it to Mrs. B., plaintiff herein, who, in August, 1882, began an action to foreclose it, making her husband B. and the defendant bank parties; but she

afterwards dismissed the suit as to the bank, and judgment was taken against B., and the lien established. The premises were sold, July 19, 1884, to plaintiff under this judgment, and in a year thereafter she received a sheriff's deed therefor. In an action against the bank and R. to quiet her title, *held* that, since plaintiff was a party to the bank's suit to subject the land to its judgment, but the bank was dismissed as a party to her suit to establish the mechanic's lien, its title, had it obtained one by sale under its judgment, would have been superior to hers, but, having assigned its judgment, it had no interest in the property; but that the title of R., its assignee, was superior to that of plaintiff.

. 2. **Attorney and Client:** BREACH OF TRUST : PURCHASING JUDGMENT AGAINST CLIENT. *An attorney at law will not be allowed to profit by purchasing, against the interest of his client, the very judgment which he was employed to defeat. But where the clients were husband and wife, and the husband's land was about to be sold to satisfy the judgment against him, and the attorney, by an agreement with the husband, who represented his wife also, took an assignment of the judgment for a sum paid by him, much less than the amount of the judgment, and ordered the execution returned, with the understanding that he should hold the judgment as security for the money so advanced by him, and that it should be a first lien on the property, and that an action by the wife against the husband and the property on a claim for a mechanic's lien, which should be superior to the judgment, should be dismissed, held that such assignment was valid, and that, upon a refusal of his clients to repay the money, he was authorized to sue out execution on the judgment and buy in the property on which it was a lien, and that his title thus obtained was superior to the title obtained by the wife upon a foreclosure of and sale under her mechanic's lien, which was prosecuted to judgment notwithstanding the agreement,— neither the attorney nor his assignor being a party thereto.*

*Appeal from Jasper District Court.*—HON. W. R. LEWIS, Judge.

FILED, MAY 22, 1889.

ACTION to establish the title to certain premises, and quiet the same in the plaintiff. The defendant Ryan avers title to the premises in himself, asks that it be so decreed, and that he have possession thereof. There was a decree, as prayed, for defendant Ryan, and the plaintiff and the defendant bank appeal.

*Whiting S. Clark*, for appellant.

*Baker, Winslow & Varnum*, for appellee.

GRANGER, J.—Since long prior to February, 1876, the plaintiff and one George W. Baker have been husband and wife, and on the seventh of February, 1876, they resided in Scott county, Iowa, and on said day the defendant, the First National Bank of Davenport, obtained in said county a judgment against George W. Baker for $3,891.38. In 1879, the plaintiff and her husband removed to Jasper county, and George W. Baker purchased the premises in question, and took the title thereto. On the seventh day of May, 1880, the defendant bank filed a transcript of the judgment obtained in Scott county in the district court of Jasper county. The plaintiff was not a party to the contract, or the proceeding in which the judgment in Scott county was obtained. In 1879, after George W. Baker purchased the premises in question, he contracted with Fowler, Lyons & Co. to furnish part of the materials, and do certain work, in building a house and other buildings on the premises. This material was furnished, and the building completed, about May, 1880. On the same day that the defendant bank filed the transcript of its judgment against George W Baker in Jasper county, it filed a petition in equity in the circuit court of said county to subject the premises in question to the payment of such judgment. In that suit the plaintiff herein and her husband were made defendants. The defendant in this suit, Ryan, appeared in that suit as attorney for the defendants, and filed their answer, admitting the title of the premises to be in George W. Baker, but averring that the premises were bought with the proceeds of a homestead sold in Scott county, and averring a homestead right therein. After judgment an appeal was prosecuted to this court, and a judgment entered subjecting the premises to the payment of the judgment of the bank. Execution issued on the judgment, and the premises were to be sold thereon, February 24, 1883. Fowler, Lyons & Co., by virtue of their contract for material and labor, were the creditors of George W. Baker in the sum of $829.45, and duly filed their statement for

1. JUDGMENT: mechanic's lien: priority: parties.

a mechanic's lien, August 21, 1880. July 29, 1881, Fowler, Lyons & Co. for a consideration assigned their claim and lien against George W. Baker to the plaintiff. In August, 1882, the plaintiff herein commenced a suit in the circuit court of Jasper county against George W. Baker and the defendant bank in this suit to recover judgment against George W. Baker, and to establish the mechanic's lien. The suit was afterward dismissed as to the bank, and judgment was taken against George W. Baker, and the lien established. The premises were afterwards sold on special execution issued on said judgment, and purchased by the plaintiff on the nineteenth day of July, 1884, and on the twenty-second of July, 1885, she received a sheriff's deed therefor. This deed and the alleged homestead character of the premises constitute the basis of the plaintiff's claim in this proceeding.

On the twenty-fourth day of February, 1883, that being the day on which the premises were to be sold on the execution issued on the judgment of the defendant bank herein against the plaintiff herein and George W. Baker, the defendant Ryan, then being the attorney for the plaintiff and her husband, took from the plaintiff in that suit (the defendant bank in this suit) an assignment of its judgment and claim against George W. Baker, and paid therefor the sum of sixteen hundred dollars, and the execution was returned not satisfied. The particular facts of this assignment to Ryan of the judgment rest largely on the testimony, and will be noticed hereafter.

On the fourteenth day of January, 1886, the defendant Ryan took execution on the judgment assigned to him, and, by virtue thereof, he purchased the premises in question, and, after the statutory period for redemption, he received a sheriff's deed therefor, which is the basis of his claim in this suit.

While many other facts are disclosed by the record, the foregoing are sufficient to a proper understanding and disposition of the case. We think it must be conceded that if the First National Bank of Davenport

had not assigned its judgment, and had sold and purchased the premises on February 24, 1883, and had afterwards taken a sheriff's deed therefor, the claim of the plaintiff in this suit could not prevail against it, for the reasons that the plaintiff in this suit and her husband were both parties in the suit of the bank to subject the premises to the payment of its judgment, and the bank was not a party to the suit of Hannah Baker against her husband for the enforcement of her mechanic's lien. It is true the bank was originally a party, but the suit was dismissed as to it before judgment. As between the bank and Hannah Baker the premises were, as the result of a final adjudication, liable for the payment of the judgment.

What, then, are the facts to distinguish the case as to the defendant Ryan, who was the assignee of the

2. ATTORNEY and client: breach of trust: purchasing judgment against client.

judgment? He was, at the time of purchasing the judgment, the attorney for both Hannah Baker and her husband, and had been during the prosecution of the suit to subject the premises to the payment of the judgment held by the bank; and the contention of the plaintiff is that, being her attorney, he could not purchase the very judgment he was employed to defeat. That an attorney could not, as against the interest of his client, make such a purchase, is so elementary and clearly established by authority that neither citation nor argument is necessary to sustain it. It would be an unwarrantable strain upon our jurisprudence for the courts to tolerate such an act, even under circumstances of strong suspicion.

For the facts as to this purchase we must look to the testimony. The purchase of the judgment took place on the day the premises were to be sold on the bank judgment against George W. Baker. There were present at the time Ryan, George W. Baker, and some parts of the time one George E. Gould, who was attorney for the bank, and who made the assignment for the bank, and one Shropshire. Neither Gould nor Shropshire was a witness to the entire talk between Baker and

Ryan. At this time George W. Baker had full control and management of his wife's interests, and they had no expectation of saving the property from the bank judgment, unless Ryan did something to save it; and it is unquestioned that there was talk between them as to what should be done. It is claimed that Ryan was in fault for the manner of the submission of the case of the bank against Baker and wife to subject the premises to the payment of the judgment, and as a consequence the suit was lost to Baker and wife, and on that account Ryan felt himself under obligation to purchase the judgment for their protection, and that he did so; while Ryan's contention is that he bought the judgment at the request of Baker, and with the understanding that he should hold it as security for the repayment of the money to him. The testimony of Ryan and Baker, each in general terms, supports his theory of the case. The testimony of Gould is that he heard nothing of what the agreement was between Baker and Ryan. He testifies that, on meeting Baker at the office of Ryan, Baker claimed that the bank was asking too much for the judgment, and that he refused to further consider a proposition to reduce the amount, and said that unless it was paid the sale would take place. Baker says in his testimony that Ryan then asked Gould if he would take one payment down, and divide the other in two payments, and take his notes; and that Gould agreed to do so, and Gould was to make an assignment of the judgment. Baker says. "I did not understand it was to be assigned to Ryan. I did not know who it was going to be made to, but it went through my head as a wonder whom it was going to be made to. I asked no questions. I supposed he settled it on a proposition I made before I went to Davenport, to save me as his client and himself as an attorney." Baker further says: "The property I offered Ryan on my wife's behalf, if he would buy the bank judgment, is a house and lot in Newton."

The testimony of Baker is very uncertain. From his testimony alone it would be difficult to know what the

agreement was. It is quite certain from his own statements that in some manner Ryan was to be secured or paid for the purchase of the judgment. The judgment was for $3,891.38, with interest at ten per cent. since February, 1876. It was bought for sixteen hundred dollars, which is the amount Ryan claimed, with interest. The witness Shropshire, who was present a part of the time on the day of the assignment, testifies, in substance, that himself, Baker and Ryan were there.

Ryan asked Baker what he should do about it. Baker answered that he could not do anything about it himself, and that Ryan would have to do it for him; that Ryan said, "Keep your seat;" that Ryan was gone a few minutes, and came back, and said to Baker: "It is all fixed," and told Baker he would have time to make arrangements to pay his debts; that Baker seemed very much "touched," shed tears and said: "A friend in need is a friend indeed." At that time the mechanic's lien suit by the plaintiff against her husband was pending, and Ryan claims that it was part of the agreement that that suit was to be dismissed, and the judgment assigned to him was to be the first lien on the premises; and he says in his testimony that after the assignment he wrote out a "dismissal" of the mechanic's lien suit, in the presence of Baker, which he approved. Shropshire says that something was written by Ryan, but he does not know what it was.

From an examination of the testimony we are convinced that Ryan took the assignment of the judgment under an agreement as claimed by him. It does not appear to be a purchase of the judgment made in his own interest, but at the request of his clients, to give them an opportunity to pay the debt, and save the homestead. If this is true, it could not be claimed that the transaction was void because of the confidential relationship of the parties. If Ryan, while attorney for the Bakers, at their instance bought the judgment, and was to be repaid his money, and the judgment was, by agreement, to be the first lien on the premises, and the mechanic's lien suit was to be dismissed, it would

be an act of gross injustice to allow the plaintiff, in violation of the agreement, to prosecute the suit to judgment, and thereon obtain a title as a basis of avoiding the agreement with Ryan. Neither the homestead character of the premises nor the title based on the mechanic's lien judgment can avail to defeat the title of defendant Ryan. The record conclusively shows that before taking execution on his judgment he was willing to comply with his agreement, and cancel the judgment on the repayment of his money, and to give all reasonable time for that purpose, which was refused. This finding of fact and law is conclusive of all the questions presented in the record. We do not understand from the record that appellant the First National Bank of Davenport is making any claim adverse to the defendant Ryan, and the judgment of the district court is AFFIRMED.